OF THE
STATE OF DELAWARE

BONNIE W. DAVID
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Date Submitted: July 30, 2025
Date Decided: August 11, 2025

Brian E. Farnan, Esq.
Michael J. Farnan, Esq.
Rosemary J. Piergiovanni, Esq.
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801

Kevin G. Abrams, Esq.
J. Peter Shindel, Jr., Esq.
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Anthony A. Rickey, Esq.
Margrave Law LLC
3411 Silverside Road, Suite 104
Wilmington, DE 19810

RE:  *Shiva Stein v. Lloyd C. Blankfein*,
C.A. No. 2017-0354-BWD

Dear Counsel:

This action is before me on the plaintiff's and an objector's requests for fees in connection with a third attempt to settle director compensation claims. "The first proposed settlement was cut down due to inadequate consideration; the second was felled on appeal concerning the scope of the release of claims." *Stein ex rel. Goldman Sachs Gp., Inc. v. Blankfein*, 2024 WL 799386, at *1 n.1 (Del. Ch. Feb. 27, 2024). But "[a]s ratoons spring from cut-down canes, so this case c[a]me[] back" before Vice Chancellor Glasscock on a third proposed settlement. *Id.* at *1. That

settlement was approved, and only the fee requests remain. With any luck, rooting out these remaining issues will forestall regrowth.

## I.    BACKGROUND

This Court and the Delaware Supreme Court have described the factual background pertinent to this matter in at least six prior written decisions.[1] The following recitation includes only those facts necessary to understand the pending fee motions; readers in search of additional context should refer to those more detailed decisions.

On May 9, 2017, plaintiff Shiva Stein ("Plaintiff") initiated this action through the filing of a Verified Stockholder's Complaint (the "Complaint"), asserting direct and derivative claims on behalf of nominal defendant The Goldman Sachs Group, Inc. (the "Company"). Verified S'holder's Compl. [hereinafter Compl.], Dkt. 1. The Complaint alleged claims for breach of fiduciary duty in connection with allegedly excessive compensation awards to non-employee directors; the failure to

---

[1] *See, e.g.*, *Stein*, 2024 WL 799386, at *1–4; *Griffith v. Stein ex rel. Goldman Sachs Gp., Inc.*, 283 A.3d 1124, 1127–32 (Del. 2022); *Stein v. Blankfein*, 2021 WL 2926169, at *1 (Del. Ch. July 12, 2021), *rev'd and remanded sub nom. Griffith v. Stein ex rel. Goldman Sachs Gp., Inc.*, 283 A.3d 1124 (Del. 2022); *Stein v. Blankfein*, 2019 WL 2750100, at *1 (Del. Ch. July 1, 2019); *Stein v. Blankfein*, 2019 WL 2323790, at *2–4 (Del. Ch. May 31, 2019); *Stein v. Blankfein*, 2018 WL 5279358, at *2–3 (Del. Ch. Oct. 23, 2018), *order clarified*, 2018 WL 5733671 (Del. Ch. Oct. 24, 2018).

disclose material information concerning, and the issuance of, stock-based awards under stock incentive plans; and the failure to disclose material information concerning the tax deductibility of cash-based incentive awards to executive officers. *Id.* ¶¶ 51–71.

In March 2018, the parties agreed to settle the action and submitted a proposed settlement for the Court's approval (the "First Settlement"). Stipulation and Agreement of Compromise, Settlement, and Release, Dkt. 27. Sean Griffith ("Objector") objected to the First Settlement, arguing that the proposed settlement provided no value to the class and that the proposed release was overly broad, Plaintiff was an inadequate representative, and the settlement did not support a fee award. Sean J. Griffith's Obj. to Proposed Settlement and Appl. for Att'y's Fees and Expenses, Dkt. 36. On October 23, 2018, the Court issued a letter opinion declining to approve the First Settlement. *Stein*, 2018 WL 5279358. On July 1, 2019, the Court issued a letter opinion granting Objector a fee award of $100,000, plus $1,923.30 in expenses, over the parties' objections. *Stein*, 2019 WL 2750100, at *2. The Court "considered the $100,000 award to be an award in full compensation of the amount reasonable in equity to compensate [Objector] and his counsel for the corporate benefit they had created by their advocacy." *Stein*, 2021 WL 2926169, at *1.

On May 31, 2019, the Court issued a memorandum opinion resolving a pending motion to dismiss the Complaint, dismissing three of four counts in the Complaint and sustaining only a claim for excessive compensation paid to non-employee directors. *Stein*, 2019 WL 2323790.

On February 28, 2020, the parties agreed for a second time to settle the action and submitted a new proposed settlement for the Court's approval (the "Second Settlement"). Stipulation and Agreement of Compromise, Settlement, and Release, Dkt. 117. Objector objected to the Second Settlement, arguing that the consideration to be exchanged had no value, the proposed settlement improperly released future claims relating to compensation amounts for 2020 through 2024, Plaintiff was an inadequate representative, and Plaintiff's fee request was excessive. Sean J. Griffith's Obj. to Proposed Settlement and Appl. for an Award of Att'ys' Fees and Expenses, Dkt. 129. On August 18, 2020, the Court issued an oral ruling approving the Second Settlement over Objector's objections. *Stein v. Blankfein*, C.A. No. 2017-0354-SG (Del. Ch. Aug. 18, 2020) (TRANSCRIPT). On July 12, 2021, the Court issued a letter opinion denying Objector's request for a supplemental fee award and granting Plaintiff's request for fees and expenses in the amount of $612,500, representing 12.5% of the settlement "fund, at present value as of the time of settlement, [of] around $4.6 million." *Stein*, 2021 WL 2926169, at *2.

In August 2021, Objector filed an appeal, asserting that the Court had erred by approving an overbroad release, approving the Second Settlement without finding Plaintiff was an adequate representative, and improperly setting Objector's fee. Notice of Appeal, Dkt. 161; *Griffith*, 283 A.3d at 1132–33, 1139. Objector did not appeal the Court's finding that the benefit to the Company in the Second Settlement was fair.

On August 16, 2022, the Delaware Supreme Court issued an opinion, holding that the Court did not commit reversible error by declining to address Plaintiff's adequacy as a class representative under Rule 23.1 and did not abuse its discretion in declining to award greater fees to Objector. *Griffith*, 283 A.3d at 1138–39. However, the Delaware Supreme Court "reverse[d] because the settlement agreement released future claims arising out of, or contemplated by, the settlement itself instead of releasing liability for the claims brought in the litigation." *Id.* at 1127.

On remand, the parties agreed to amend the Second Settlement to delete language in the release relating to future claims (the "Amended Settlement"). Amendment to the Stipulation and Agreement of Compromise, Settlement, and Release, Dkt. 171. Objector objected to the Amended Settlement's consideration and sought to intervene as a plaintiff. Sean J. Griffith's Obj. to Third Proposed

Settlement, Dkt. 179. On February 27, 2024, the Court issued a memorandum

opinion approving the Amended Settlement over Objector's objections, explaining:

> [When] Objector appealed, [he] prevailed on a single ground: that the part of the contemplated release purporting to release inchoate future claims was inequitable and unenforceable. On remand, the non-objecting parties agreed to retain all the terms of the Second Settlement in the Amended Settlement, with a single exception: elimination of the offending attempt to release hypothetical future claims. . . . [T]he Amended Settlement is of greater value to the Company, marginally, than the Second Settlement that I found fair in the Bench Ruling of August 18, 2020. . . .
>
> [T]he Second Settlement was set for a hearing before it was executed, notice was given to the stockholders, and none (save Objector) appeared or opposed. There was no "fait accompli." To the contrary, I considered the proposed Second Settlement and found it fair to the Company, a finding that was not reversed on appeal. The part of the release found improper on appeal has been removed, and the law of the case supports a finding, in my view, that the Amended Settlement be approved. . . .
>
> In the present case, Objector was successful on appeal of a single issue relating to the breadth of the release. I otherwise found that the Second Settlement amount was fair to the class, and Objector did not challenge that on appeal. The fact that a portion of the release was successfully challenged does not alter my determination and the law of the case that the Amended Settlement is fair. I find that the Amended Settlement is identical to the Second Settlement in weighing the adequacy of consideration. Therefore, as a matter of law of the case, I will not revisit my finding regarding the adequacy of the Amended Settlement's consideration.

*Stein*, 2024 WL 799386, at *7–8.

The Court directed the parties to submit their positions on fees. *Id.* at *8.

Plaintiff and Objector each moved for fees.[2] The Court heard oral argument on both

motions on July 30, 2025.[3]

## II.  ANALYSIS

### A.  Plaintiff's Motion

Plaintiff seeks an award of $612,500 in attorneys' fees and expenses in

connection with the Amended Settlement. Pl. OB at 1.

As part of the Second Settlement, the Court "considered the factors supplied

by our Supreme Court in *Sugarland Industries, Inc. v. Thomas*"[4] and awarded fees

---

[2] On May 22, 2024, Objector moved for attorney's fees. Objector Sean J. Griffith's Opening Br. in Supp. of Mot. for an Award of Att'ys' Fees and Expenses [hereinafter Obj. OB], Dkt. 212. The same day, Plaintiff filed a Motion to Reinstate the Court's Award of Attorney's Fees and Expenses. Pl.'s Br. in Supp. of her Mot. to Reinstate the Ct.'s Award of Att'ys' Fees and Expenses [hereinafter Pl. OB], Dkt. 213. On June 12, the parties filed answering briefs. Pl.'s Br. in Opp'n to Objector's Mot. for an Award of Att'ys' Fees and Expenses, Dkt. 216; Objector Sean J. Griffith's Answering Br. in Opp'n to Pl.'s Mot. to Reinstate the Ct.'s Award of Att'ys' Fees and Expenses [hereinafter Obj. AB], Dkt. 217; Defs.' Answering Br. in Response to Objector's and Pl.'s Mots. for Fees and Expenses, Dkt. 218. The parties filed reply briefs on June 28. Pl.'s Reply Br. in Further Supp. of her Mot. to Reinstate the Ct.'s Award of Att'ys' Fees and Expenses [hereinafter Pl. RB], Dkt. 221; Objector Sean J. Griffith's Reply Br. in Supp. of Mot. for an Award of Att'ys' Fees and Expenses, Dkt. 222.

[3] "Draft Tr." refers to a draft transcript of the July 30, 2025 oral argument.

[4] This Court retains "considerable discretion when deciding [an] appropriate fee award." *Griffith*, 283 A.3d at 1139. The Court's exercise of discretion is guided by the factors set out in *Sugarland Industries, Inc. v. Thomas*, 420 A.2d 142 (Del. 1980).

to Plaintiff in the amount of $612,500. *Stein*, 2021 WL 2926169, at *2–3. That award represented 12.5% of the net present value of the Second Settlement, which the Court valued at approximately $4.6 million. *Id.* at *2. Although the Delaware Supreme Court reversed the Court's approval of the Second Settlement based on the scope of the release, Objector did not appeal the Court's finding that the benefit to the Company represented by the Second Settlement was fair. Vice Chancellor Glasscock subsequently found that "the Amended Settlement [wa]s identical to the Second Settlement in weighing the adequacy of consideration," except "the Amended Settlement [wa]s of greater value to the Company, marginally, than the Second Settlement" due to the narrowed scope of the release. *Stein*, 2024 WL 799386, at *7–8. Plaintiff asks the Court to reissue a fee award of $612,500 because the award was not disturbed on appeal and is law of the case, and in any event, the *Sugarland* factors continue to support such an award.

Defendants do not oppose Plaintiff's fee request, but Objector does, arguing that the law-of-the-case doctrine does not apply and the benefit of the Amended Settlement, re-examined today, does not support the award Plaintiff seeks. Objector asserts that "the settlement only achieved 59% of its expected benefits in its first three years" because (1) litigating Objector's objection through appeal imposed two years of additional costs and (2) the Company's actual payments to non-employee

directors since 2020 exceeded the estimates on which the Court based its prior calculation. Obj. AB at 6, 11.

The law-of-the-case doctrine "requires that issues already decided by the same court should be adopted without relitigation." *Taylor v. Jones*, 2006 WL 1510437, at *5 (Del. Ch. May 25, 2006) (citation omitted). The doctrine "promotes the finality and efficiency of the judicial process" by "maintain[ing] consistency during the course of a single case." 5 Am. Jur. 2d. *Appellate Review* § 522. Delaware courts can, however, "revisit a prior adjudication where 'there has been an important change in circumstance, in particular, the factual basis for issues previously posed.'" *Tornetta v. Musk*, 326 A.3d 1203, 1223 (Del. 2024) (quoting *Weedon v. State*, 750 A.2d 521, 527–28 (Del. 2000)).

Although Objector seeks to relitigate the benefit of the Amended Settlement, Vice Chancellor Glasscock already rejected Objector's position when he found that "the Amended Settlement is of *greater* value to the Company, marginally, than the Second Settlement" previously valued at $4.6 million. *Stein*, 2024 WL 799386, at *6–7 (emphasis added) (finding "the *get* for the Company and its stockholders is precisely the same" in the Amended Settlement as it was in the Second Settlement). Objector contends that the Court's prior finding of a $4.6 million benefit is not law of the case because "[t]he relevant facts have not remained constant since the Court

set the 2021 Award," but Objector does not identify any material change in facts since February 2024, when the Court approved the Amended Settlement. Obj. AB at 8.

Objector's arguments challenging the Court's prior valuation of the settlement are, in any event, unpersuasive. Objector argues that the cost of litigating his objections through appeal offset the benefit of the settlement, but offers no authority to support his position that the benefit achieved in the settlement should be discounted by litigation costs when calculating a fee award. Objector also argues that after implementing the settlement, the Company (1) increased the size of its board of directors, meaning it paid less in compensation per director but more overall, and (2) made additional payments to directors who also serve on the board of a subsidiary. Both arguments are flawed.[5] Expanding the board did not diminish the value of the settlement—arguably, the per-director savings *increased* the value of the settlement. And payments to directors for service on subsidiary boards have no effect on the value of the settlement, as such payments also occurred before the settlement and were not at issue in this action.

---

[5] Vice Chancellor Glasscock previously rejected Objector's argument "that various occurrences since the [Settlement] hearing—including an expansion of the board—have reduced the actual value of the [Settlement]." *Stein*, 2021 WL 2926169, at *1 n.9.

For the reasons explained above, Plaintiff's request for a fee and expense award of $612,500 is approved.

## B. Objector's Motion

Objector seeks an award of $509,220 in fees and $7,727.56 in expenses on grounds that his efforts created a benefit in the form of adversarial litigation, which resulted in both a narrower release in the Amended Settlement and improvement to "Delaware's 'ecosystem' of corporate litigation" more generally. Obj. OB at 1, 21. Objector also requests that all or some of his fee be paid from Plaintiff's fee award.

Because "[m]eaningful objections can help ensure the fairness of settlements in representative actions," the Court may exercise its discretion to "award[] fees to objectors who contribute to the process." *Brinckerhoff v. Texas E. Prods. Pipeline Co., LLC*, 986 A.2d 370, 397 (Del. Ch. 2010). Thus, earlier in this action, the Court exercised its discretion to award Objector $100,000 plus expenses, "in full compensation of the amount reasonable in equity to compensate [Objector] and his counsel for the corporate benefit they had created by their advocacy." *Stein*, 2021 WL 2926169, at *1.

Objector now seeks an additional award for the "benefits created by securing a black-swan result on appeal," including "narrowing the Second Settlement's release" and "provid[ing] adversarial review" that improved Delaware litigation

practice.[6]  Obj. OB at 17–18.  Defendants argue that those benefits are nominal and justify an award of no more than $20,000.  Acknowledging that the benefit is "unquantifiable," Objector advocates for a fee award based either on precedent or quantum meruit.  *Id.* at 17.  Because Objector has not identified any comparable precedent,[7] he supports his $509,220 fee request by doubling his lodestar based on time spent litigating his objection to the Second Settlement and subsequent appeal.

Notwithstanding Objector's "thoughtful, scholarly, and cogent" participation in this action,[8] in view of the $100,000 already awarded and the Court's prior finding that the Amended Settlement conferred (at most) a marginally greater benefit than the Second Settlement, that request is too high.[9]  I believe a supplemental award of

---

[6] Objector argues that after his appeal, "this Court rejected at least two other settlements that included overbroad releases" and "modified its rules to require an affirmative finding on a derivative plaintiff's adequacy before approving a settlement."  Obj. OB at 21.

Objector asserts that the parties should be estopped from arguing that "the release of future claims held no meaningful value" since they previously represented that the scope of the release was a critical component of the settlement.  Obj. OB at 20.  But Objector does not attempt to value the benefit of the narrowed release.

[7] At oral argument, Objector conceded that "this case is unique" such that "[t]here are not really any good precedent awards."  Draft Tr. at 19:23–24, 24:14–15 ("There is no . . . good precedent case.").

[8] *Stein*, 2021 WL 2926169, at *2.

[9] At oral argument, Objector agreed that the benefit generated on appeal was "marginal," but argued that in prior cases, this Court has awarded substantial fees for a marginal benefit in order to incentivize "wholesome" levels of litigation.  *See* Draft Tr. at 11:3–12:20, 63:5–7.  Objector cites this Court's decision in *Garfield v. Boxed, Inc.* as an example of litigation efforts that generated only the "marginal benefit" of "clarifying . . . what Delaware law is

$50,000, in addition to the $100,000 already awarded, is sufficient to fairly compensate Objector for the benefits his efforts achieved in this action. I have considered the other *Sugarland* factors secondarily and believe they likewise support a supplemental fee of no more than $50,000, for an aggregate award of $150,000.[10]

Objector argues that his supplemental fee should reduce Plaintiff's fee award, noting that the Court previously deducted Objector's $100,000 fee award in connection with the First Settlement (which was rejected and therefore did not result

---

and then making the corporate directors comply with it." *Id.* at 17:18–20. But in *Garfield*, the Court did not view the benefit as marginal or nominal; rather, it relied on precedent "where [a] plaintiff f[ou]nd[] and disable[d] a corporate landmine" to award a "substantial fee" of $850,000 for benefits that included preserving a statutory right to a vote and "enhanc[ing] the certainty of the Company's capital structure and [a] Business Transaction." *Garfield v. Boxed, Inc.*, 2022 WL 17959766, at *12 (Del. Ch. Dec. 27, 2022), *judgment entered*, (Del. Ch. 2023). In doing so, the Court expressly rejected the plaintiff's request for additional fees that were "not tied to the corporate benefit it received," explaining that, while "these types of matters warrant full and incentivizing compensation, the most important factor in awarding a fee is the benefit conferred to the defendant company," and there is "no principled reason to saddle the unlucky first company to have its fee award set by the Court with fees that exceed the benefit that company received." *Id.* at *13. Objector also cites *Sciabacucchi v. Salzberg* as another example of a "compliance case" that awarded substantial fees for a nominal benefit, but that case too awarded a fee based on comparable precedent valuing the benefit conferred in the litigation. 2019 WL 2913272 (Del. Ch. July 8, 2019). Neither case supports Objector's position that a substantial fee is warranted, even for meritorious litigation, when the benefit conferred is only marginal.

[10] *Compare In re AMC Ent. Hldgs., Inc. S'holder Litig.*, 2023 WL 6050452, at *3–4 (Del. Ch. Sept. 15, 2023) (awarding $185,000 to an objector in a "rare case[]" where the objector's "work provided the adversarial perspective of Delaware attorneys on an expedited and complex settlement").

in a corporate benefit) from Plaintiff's fee award in connection with the Second Settlement. Plaintiff opposes that request because any benefit Objector conferred "is in addition to the reduction of director compensation and governance improvements that Plaintiff secured" in the Amended Settlement. Pl. RB at 4. Under the circumstances, "I believe it is fair, and within my discretion, to split the [O]bjector's [supplemental] fee between the [Company] and the [P]laintiff['s] counsel." *AMC Ent. Hldgs., Inc.*, 2023 WL 6050452, at *4.

## III. CONCLUSION

For the reasons explained above, Plaintiff's counsel is awarded fees and expenses of $612,500. Objector's counsel is awarded a supplemental fee of $50,000, to be paid half by the Company and half from Plaintiff's fee award.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Vice Chancellor

cc:    All counsel of record (by File & ServeXpress)